ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.     5:20CR377 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| DAMERISSE J. FREEMAN, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

On December 21, 2022, the Sixth Circuit issued a limited remand for this Court "to determine whether [Defendant Damerisse] Freeman has shown excusable neglect or good cause warranting an extension of the appeal period."   The Court now resolves that issue.

Rule 4(b)(4) provides that "[u]pon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed [by this rule]."   Granting an extension under Rule 4(b)(4) is not automatic, however, and any extension must be predicated on a district court's "finding of excusable neglect or good cause." In *United States v. Thompson*, 82 F.3d 700 (6th Cir.1996), the Sixth Circuit held that the liberal standard of excusable neglect set forth in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 394 (1993) applies in requests for extension of time to file a notice of appeal both in criminal and civil cases under FED. R.APP. P. 4. *Thompson*, 82 F.3d at 702. Under *Pioneer*, the Supreme Court was presented with the question of what constitutes "excusable neglect" under Bankruptcy Rule 9006(b) (1). The Court found that the rule grants a

party "a reprieve to out-of-time filings that were delayed by 'neglect.'" *Pioneer*, 507 U.S. at 388.

The Court defined neglect as some jurisdictional act which was left "'undone or unattended to

especially through carelessness.'" *Id.* (citation omitted). Neglect thus encompasses both simple,

faultless omissions to act and omissions caused by carelessness. *Id.*   The Circuit in *Thompson*

then proceeded to establish a test for district courts to apply to Appellate Rule 4 in light of

precedent:

> When requesting an extension of time, the party seeking the extension must first establish excusable neglect. If no excusable neglect is shown, the extension cannot be granted. Should the district court find excusable neglect, the court must then examine the questions of prejudice and bad faith. If there is any indication of bad faith or any evidence of prejudice to the appellee or to judicial administration, the district court may then choose to exercise its discretion and deny the requested extension.

*Thompson*, 82 F.3 at 702.

This Court entered its judgment against Freeman on November 21, 2022, and his notice of

appeal was filed on December 11, 2021.   As such, while Freeman's notice was untimely, the

delay was minimal.   Moreover, the Court recognizes that there may have been some confusion

generated when Freeman was given his appellate rights and the following transpired:

> THE COURT: Mr. Jordan, are you CJA or are you retained?
>
> MR. JORDAN: I am retained, Judge. My client is currently now indigent. He has been incarcerated for over 20 months now. I would respectfully request that you appoint appellate counsel. I am not necessarily adept to appellate counsel. So I would ask that the Court would assign another attorney to represent him.
>
> THE COURT: We'll do that.

Based upon the above, the Court finds that Freeman could have reasonably been mistaken that his

existing counsel or newly appointed counsel would file his notice of appeal.   Given this fact,

2

coupled with the minimal delay in filing his pro se notice of appeal, the Court finds good cause to extend his time to appeal.   Moreover, the Court finds no prejudice to the Government stemming from this brief extension.

Accordingly, the Court finds that good cause existed for Freeman's untimely notice of appeal.

IT IS SO ORDERED.


_____April 6, 2023_____                              _____/s/John R. Adams_____
Date                                                             JOHN R. ADAMS
                                                                    UNITED STATES DISTRICT JUDGE